## KENT v. PLANT.

### Opinion delivered October 27, 1924.

1. HIGHWAYS—PRESENTATION OF CLAIMS AGAINST DISTRICT.—Special Acts 1921, p. 767, repealing a prior act creating a road district and requiring claims for expenses to be presented to the commissioners of the district, was sufficiently complied with when claimants presented their claims to two of the three commissioners, though the third commissioner did not meet with the other two.

2. HIGHWAYS—ASSESSMENT OF BENEFITS—RELIEF.—Property owners seeking to restrain the collection of a special assessment authorized by Special Acts of 1921, p. 767, must show that the method of assessment adopted was not authorized.

3. HIGHWAYS—COUNTY COURT'S JURISDICTION.—The statute of 1920 creating a road improvement district and authorizing lateral roads to be improved did not invade the jurisdiction of the county court, in view of the provision that the plans and specifications and estimates of cost be filed with and approved by the county court, and that the court should lay out the roads thus selected.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Brundidge & Neelly,* for appellants.

*J. N. Rachels,* for appellee.

McCULLOCH, C. J.   The General Assembly, at the extraordinary session in February, 1920, passed a special statute creating the New Hope Road Improvement District, in White County, but, before any construction was begun, and after the preliminary expenses were incurred, the General Assembly of 1921 passed a statute repealing the statute creating the district, but providing for the payment of all claims against the district for expenses incurred.   Section 2 of the repealing act, *supra,* provides that all claims must be presented to the commissioners of the district "duly verified as is required in actions on account, and, if not presented within six months from this date, they shall be forever barred." This section further provides that, on the expiration of the period prescribed for presenting claims, it shall be the duty of the commissioners to levy a tax on real property in the district sufficient to pay the indebtedness, and that, if the assessments of benefits had been made and confirmed, the tax shall be based upon such assessments, but, if there had been no confirmation of the assessments, the tax shall be upon the "assessed value of the property for State and county taxation as it appeared upon the county assessment."

Appellants are owners of property in the district, and they instituted this suit against the tax collector to restrain him from collecting the tax extended on the taxbooks for the payment of the claims allowed by the commissioners.   The right to collect the tax was challenged on numerous grounds, but the chancery court decided against the contention of appellants, and dismissed their complaint for want of equity.

The first contention is that the claims against the district, which were all small amounts, except the claim of the engineer of the district, were not presented to the commissioners as required by statute, and were there-

fore barred. The commissioners named in the statute were W. H. Abington, C. B. Smith and W. T. Daniels. Daniels resigned, and the county court appointed Otho Martin in his place. After the enactment of the repealing statute, Smith did not meet with the board, and the only meetings were held by Abington and Martin. The proof shows that Dr. Abington, the chairman of the board, repeatedly notified Smith, who failed to attend. It is the contention of counsel for appellants that it was necessary, under the statute, for claimants to present their respective claims to all of the members of the board, and that presentation to one of them, even though he was chairman or secretary of the board, would not be sufficient compliance. This contention is, we think, unsound. The language of the statute is that "claims against said district must be presented to the commissioners thereof," and counsel liken this to a contract made by a school board or other legal board where it is necessary that all the members be present, or be notified to be present, or at a regular meeting of which all have notice. There is, we think, no analogy between the two questions, because the right of the claimants to recover is not based upon any contractual relation between the claimants and the district arising at the time of the presentation of the claims, but it is based upon a liability arising under previous contracts, and the validity of those contracts is not drawn in question here. All that the claimants were required to do was to present their claims to the board of commissioners—nothing more—and, when that was done, no further action on the part of the claimants was required, except to bring suit within ninety days, if the claims be rejected. If there was any irregularity in the allowance of the claims on account of the failure of one of the members of the board to attend, this does not defeat the right of the claimants to recover where the claims are not shown to be unfounded. There is no attempt in the present case to show that the claims are not based upon subsisting liability of the district for which the statute provided payment.

It is further contended that the clerk is about to extend the taxes on assessments of benefits which have never been confirmed, in defiance of the statute, which expressly provides that, if the assessments have not been confirmed, the tax shall be based on the value of real property in the district as assessed for taxation for State and county purposes. The record, as abstracted, is not clear on this point. It is not shown what basis has been adopted for the extension of taxes, and, in order for appellants to obtain relief, they must show that a method of assessment has been adopted which is not authorized. Of course, the tax must be extended on the basis set forth in the statute, and, if a wrong basis has been adopted, the property owners have the right to an injunction, but this would not defeat the right to levy the tax, which should be levied on one of the bases specified in the statute. In the present condition of the record, however, we cannot discover that the wrong basis was adopted, the burden being upon appellants to establish that fact before they are entitled to relief.

An attack is made on the validity of the original statute under which the claims were incurred, on the ground that the statute authorized lateral roads to be selected by the commissioners and improved. The provision of the statute authorizing the selection of laterals is carefully guarded by a further provision that, when roads were selected for laterals, plans and specifications should be made and estimates of costs filed with the county court, and subject to the approval of the county court, and that the court should lay out the roads thus selected. Under our decisions in numerous cases, this was not an invasion of the jurisdiction of the county court so as to invalidate the statute.

Our conclusion upon the whole case is that the chancery court was correct in denying injunctive relief to appellants, and the decree is in all things affirmed.